UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**W.G. TOMKO, INC.,**

    **Plaintiff,**

-v-

    Case No.: 2:13-CV-0055
    **JUDGE SMITH**
    **Magistrate Judge Deavers**

**FRANKLIN COUNTY BOARD
OF COMMISSIONERS,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff W.G. Tomko, Inc. ("Tomko") brings this action against Defendants Franklin County Board of Commissioners and Affiliated FM Insurance Company to recover its costs for repairs made in 2009 during the construction of the Huntington Park Baseball Stadium in Columbus, Ohio. This matter is before the Court on Defendant Franklin County Board of Commissioners' ("Commissioners") Motion to Dismiss (Doc. 21) and Defendant Affiliated FM Insurance Company's ("Affiliated FM") Motion to Dismiss, or in the Alternative Motion to Sever (Doc. 26). The motions are fully briefed and ripe for review. For the reasons that follow, Defendant Commissioners' Motion to Dismiss is **GRANTED** and Defendant Affiliated FM's Motion is **MOOT**.

### I.  BACKGROUND

On January 8, 2008, Plaintiff Tomko and the Commissioners entered into a construction contract ("the Contract") to perform plumbing work in connection with the building of the

Huntington Park Baseball Stadium. (Am. Compl. ¶5). As part of the Contract, the Commissioners were to maintain a builders risk insurance policy to insure against loss including losses owing to vandalism and malicious mischief. Section 12.2 of the General Conditions of the Contract provides:

> **12.2 BUILDER'S RISK – NEW CONSTRUCTION**
> 12.2.1 Unless otherwise specified in the Contract Documents, the Project Representative [Commissioners] shall provide and maintain, during the progress of the Work and until the execution of the certificate of Contract Completion by the County, a Builder's Risk insurance policy to cover all Work in the course of construction including falsework, temporary buildings and structures, equipment and materials used in the construction process, stored on or off site, or while in transit. Such insurance shall be on a "All Risk of Direct Physical Loss" form policy and shall insure against the perils for direct physical loss or damage including, without limitation, fire, theft, vandalism, malicious mischief, earthquake, tornado, lightning, explosion, breakage of glass, flood, collapse and water damage. It shall also include debris removal, demolition occasioned by enforcement of any applicable legal requirement, and shall cover reasonable compensation for the County's services and expenses required to limit further loss.

(Section 12.2 of the Contract attached in pertinent part as Exhibit A to the Complaint and attached in its entirety to Defendant Commissioners' Motion to Dismiss).

Pursuant to the Contract, the Commissioners purchased a Builder's Risk Policy ("the Policy") from Affiliated FM Insurance Company. (Am. Compl. ¶ 7). Before the stadium opened, leaks from the underground fire sprinkler line were discovered and vandalism was suspected. Additionally, the sanitary waste and vent system, and other portions of the plumbing system installed at the Stadium were also vandalized, resulting in significant damages and costs. (Am. Compl. ¶¶ 15-25). On September 29, 2009, Plaintiff Tomko submitted a claim with Affiliated FM, purportedly under the Policy, for the cost of the remedial work. (Am. Compl. ¶ 28). On October 19, 2009, Affiliated FM rejected Tomko's claim, indicating that Tomko was

not an insured or additional insured under the Policy and therefore had no right to file a claim under the Policy.

Plaintiff Tomko initiated this action on January 18, 2013, alleging claims for breach of contract and unjust enrichment.  (*See* Compl., Doc. 1).  Plaintiff then sought leave to amend its Complaint and filed the Amended Complaint on August 15, 2013, asserting three claims for breach of contract, as well as claims for breach of the duty of good faith and fair dealing and unjust enrichment.  (Doc. 20).  Defendants Commissioners and Affiliated FM then moved to dismiss.  Defendant Commissioners moves to dismiss based on the forum selection clause of the contract and Defendant Affiliated FM asserts that Plaintiff Tomko lacks standing to assert a claim against it because Tomko was not insured under the Policy.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it.  *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.  Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).  Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1950.  While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Under Rule 12(b)(3), a case may be dismissed for improper venue.  Fed. R. Civ. P. 12(b)(3).  However, a motion to dismiss for improper venue pursuant to Rule 12(b)(3) will only be granted if the case was not filed in a venue prescribed by 28 U.S.C. § 1391. *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 536 (6th Cir. 2002).  The Sixth Circuit has suggested that the

proper mechanism for enforcing a forum selection clause that mandates jurisdiction in a state court is a motion to dismiss to enforce the clause premised on Rule 12(b)(6) or on the doctrine of *forum non conveniens*. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 824, 830 (6th Cir. 2009) (denying the defendants' Rule 12(b)(3) motion to dismiss based on a forum selection clause, and instead, dismissing the action *sua sponte* on *forum non conveniens* grounds); *Langley v. Prudential Mortg. Capital Co.*, LLC, 546 F.3d 365, 366 (6th Cir. 2008) (reversing and remanding dismissal based on an invalidity of contracts that contained forum selection clauses requiring suit in New York state or federal court, and directing the district court "to entertain a motion to enforce the forum selection clause under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1404(a)"); *Stepniewski v. Ticketmaster Entm't, LLC*, No. 3:10-cv-00760, 2010 U.S. Dist. LEXIS 109385 (M.D. Tenn. Oct. 13, 2010) (analyzing *Wong* and *Langley*, and concluding that in light of those cases, "when a forum selection clause mandates exclusive jurisdiction in a state court, a motion to dismiss to enforce the clause may be premised either on Rule 12(b)(6) or on the *forum non conveniens* doctrine"). On a motion pursuant to Rule 12(b)(6), "the court only needs to determine whether the forum selection clause is enforceable and applicable; if it is, then the suit should be dismissed." *Stepniewski*, 2010 U.S. Dist. LEXIS 109385, at *12 (citing *Langley*, 546 F.3d at 366; *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369, 375-76 (6th Cir. 1999)).

### III.  DISCUSSION

Defendants Commissioners and Affiliated FM have both moved to dismiss Plaintiff's claims against them raising different grounds for dismissal. The Commissioners argue that this case should be dismissed because the Forum Selection Clause in the Contract between Plaintiff and the Commissioners requires that the action be filed in the Franklin County Court of Common Pleas. The

Court will first address the venue issue and if necessary the remaining arguments.

A.      **Venue / Forum Selection Clause**

The General Provisions of the Contract contain a forum selection clause, which provides:

1.1.4    The State of Ohio shall have exclusive jurisdiction over any action or proceeding concerning the Contract and performance thereunder.  Any such action or proceeding arising out of or related in any way to the Contract or performance thereunder shall be brought only in the Franklin County Common Pleas Court, General Division, Franklin County, Ohio and the Contractor irrevocably consents to such jurisdiction.  The Contract shall be construed in accordance with the laws of the State of Ohio.

(Section 1.1.4 of the Contract).  Defendant asserts that based on this forum selection clause, this action must be dismissed as it could only have been brought in the Common Pleas Court of Franklin County, Ohio.[1]

In interpreting the Contract between Plaintiff and the Commissioners, the Court will apply Ohio law, which is the law of the jurisdiction selected by the parties.  (*See* Section 1.1.4 of the Contract).  *Enquip Techs. Group Inc. v. Tycon Technoglass S.R.I.*, 2012 Ohio 6181 (Ohio Ct. App. 2012) (the parties' choice of law should be used to interpret their forum-selection clause).  The goal of contract interpretation is to ascertain and effectuate the parties' intent.  *Graham v. Drydock Coal Co.*, 76 Ohio St. 3d 311 (Ohio 1996).  When parties to a contract dispute the meaning of the contract language, courts must first look to the four corners of the document to determine whether an ambiguity exists.  *Buckeye Corrugated, Inc. v. DeRycke*, 2003 Ohio App. LEXIS 5703, at *12 (Ohio App. Nov. 26, 2003).  If the contract terms are clear and precise, then the contract is not ambiguous

---

[1] Defendant notes that it is not seeking remand because this matter was originally filed in Federal Court.  Further, it is not requesting the Court transfer this case pursuant to 28 U.S.C. § 1404(a) because the requested transfer is not to another federal court, but to state court.  As discussed above in the Standard of Review, the proper relief sought by Defendant is dismissal under Rule 12(b)(6).

and must be enforced as written. *Id.*

In the case at bar, the parties agreed that "Any such action or proceeding arising out of or related in any way to the Contract or performance thereunder shall be brought only in the Franklin County Common Pleas Court, General Division, Franklin County, Ohio." (Section 1.1.4 of the Contract).

Forum selection clauses are presumed valid. *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972). A Forum selection clause should be enforced unless (1) it was obtained by fraud, duress, abuse of economic power, or other unconscionable means; (2) the chosen forum would be closed to the suit or would not handle it effectively or fairly; or (3) the transferee forum would be so seriously inconvenient that to require the plaintiff to bring suit there would be unjust. *Security Watch Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 374-75 (6th Cir. 1999). Plaintiff does not dispute the validity of the Contract, or that it would otherwise be applicable to the claims asserted in this case. However, Plaintiff does argue that Defendant Commissioners waived the right to assert the defense of improper venue based on the forum selection clause in the contract. Specifically, Defendant filed an Answer to Plaintiff's original Complaint and failed to raise the forum selection clause. Defendant also failed to raise the defense when filing the Rule 26(f) report with the Court and in the Preliminary Pretrial Conference. Therefore, Plaintiff argues that pursuant to Rule 12(h), Defendant waived its right to raise this issue at this time by failing to file a motion to dismiss the original Complaint.

Defendant Commissioners, however, argue that the original causes of action did not concern the terms and conditions of the Contract, and therefore, raising the forum selection clause at that time would have been futile. Defendant concedes that Plaintiff asserted a breach of contract action in the

first Complaint, but that the cause of action sounds in tort.  Specifically, Plaintiff alleged that "[the County] improperly and unfairly interfered with Affiliated FM's investigation and handling of the claim, with the intent of causing Affiliated to wrongfully deny Tomko's claims, including, but not limited to, providing false and misleading information, and refusing to produce Project documentation and public information in its possession, including photographs and surveillance video." (Compl. ¶ 48).  Further, the second cause of action for unjust enrichment does not implicate the forum selection clause as it does not originate from the underlying Contract.

A defendant may waive improper venue as a defense because venue is not jurisdictional.  *See Neirbo v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939) (objection to venue "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct").  Pursuant to Rule 12(h)(1) of the Federal Rules of Civil Procedure, a defendant waives any challenge to venue if it fails to raise that objection in a pre-answer motion or in its first responsive pleading.

An exception to Rule 12(h) allows a defendant to make an otherwise untimely objection to venue if that objection was not available at the time of the filing of the pre-answer motion or responsive pleading.  *See* Fed. R. Civ. P. 12(g)(2).  However, "[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading."  5C Charles Alan Wright, Federal Practice & Procedure § 1388, at 491 (4th ed. 2009).  Accordingly, if the venue argument was not available to Defendant at the time of filing its first answer, then it may be raised at a later time.  Therefore, the Court must determine whether the venue argument was available in response to Plaintiff's first Complaint.

Defendant argues, and the Court agrees, that Plaintiff's original Complaint against only the Commissioners technically alleged a breach of contract claim, but it sounded in tort.  In substance, Plaintiff essentially alleged that Defendant tortiously interfered with Affiliated FM's investigation of the insurance claim.  It was not until the Amended Complaint that Plaintiff alleged breaches of the terms and conditions of the Contract.  Further, as argued by Defendant, Plaintiff's claim for unjust enrichment does not implicate the forum selection clause of the Contract as the claim does not originate from the underlying Contract.  Therefore, the Court finds that Defendant did not waive the venue defense by failing to raise it in the answer to the original Complaint because it was not available at that time.

Accordingly, finding that the forum selection clause contained in the construction Contract between Plaintiff and Defendant Commissioners is valid and that Defendant did not waive the defense, this action must be dismissed because it can only be brought in the Franklin County Court of Common Pleas.

## IV. CONCLUSION

Based on the aforementioned, the Court **GRANTS** Defendant the Franklin County Board of Commissioners' Motion to Dismiss.  The Court declines to address Defendant Affiliated FM Insurance Company's Motion to Dismiss and it is therefore **DENIED AS MOOT** since the case is dismissed.

The Clerk shall remove Documents 21 and 26 from the Court's pending motions list and dismiss this case.

**IT IS SO ORDERED.**

  */s/ George C. Smith*
 **GEORGE C. SMITH, JUDGE**
 **UNITED STATES DISTRICT COURT**